Aguilar-Morales v. Bondi

BIA
Drucker, IJ
A220 585 464/465
A220 322 353

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty-five.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> JON O. NEWMAN,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

MELVIN A. AGUILAR-MORALES,
ALICIA FLORES DE AGUILAR, R. A. A.-F.,

> *Petitioners,*

> v.                                                    **23-7498**
>                                                        **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,

*Respondent.**

_____

**FOR PETITIONERS:**          Bruno J. Bembi Esq., Hempstead, NY.

**FOR RESPONDENT:**          Brian M. Boynton, Principal Deputy Assistant Attorney General; Michael C. Heyse, Senior Litigation Counsel; Regina Byrd, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, Melvin A. Aguilar-Morales, Alicia Flores de Aguilar, and their son, natives and citizens of El Salvador, seek review of an October 13, 2023, decision of the BIA affirming a May 1, 2023, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal to which we refer only as necessary to explain our decision to DENY the petition for review.

_____

* The Clerk of the Court is respectfully directed to amend the caption as set forth above.

As an initial matter and as the Government asserts, the petitioners' argument that their notices to appear were deficient—in that the notices omitted the initial hearing information and thus did not vest jurisdiction with the agency—is unexhausted and not properly before us because the petitioners did not raise it before the IJ or on appeal to the BIA. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); *Ud Din v. Garland*, 72 F.4th 411, 419–20, 420 n.2 (2d Cir. 2023) (confirming that exhaustion is "mandatory in the sense that a court must enforce the rule if a party properly raises it" (internal quotation marks omitted)). Even if we could reach the argument, it would fail. Only Flores de Aguilar's notice omitted the hearing information, and she was sent a hearing notice, which resolved any jurisdictional issue. *See Chery v. Garland*, 16 F.4th 980, 986–87 (2d Cir. 2021). And to the extent the omission violated a claim-processing rule, she did not timely object prior to the close of pleadings. *See Penaranda Arevalo v. Bondi*, 130 F.4th 325, 336–37 (2d Cir. 2025); *In re Fernandes*, 28 I. & N. Dec. 605, 608, 610–11 (B.I.A. 2022).

We deny the petition as to asylum and withholding of removal and do not reach the CAT claim, which is not argued here.[†] *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in the appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

As to asylum and withholding of removal, we have reviewed the IJ's decision as modified and supplemented by the BIA and consider only the grounds relied on by the BIA. *See Reid v. Bondi*, 132 F.4th 109, 121 (2d Cir. 2024); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

---

[†] We note that the petitioners' brief does not fully comply with Federal Rule of Appellate Procedure 28. The argument section of the brief does not include record citations, the case citations are missing pin cites, and some issues, such as the imputed political opinion claim are briefed in a wholly conclusory manner. Counsel is cautioned that future briefing deficiencies may result in dismissal without consideration of the merits and in disciplinary proceedings.

An applicant for asylum and withholding of removal has the burden to "establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (concluding that the "one central reason" standard applies to both asylum and withholding of removal). Substantial evidence supports the agency's conclusion that the petitioners failed to demonstrate a "nexus between a statutorily protected ground in the INA . . . and the feared persecution." *Quituizaca*, 52 F.4th at 107.

The petitioners alleged that gang members targeted them because they were looking for Flores de Aguilar's nephew. Such an allegation is insufficient to establish that the gang was targeting them based on their membership in a family-based social group. "[T]he fact that a persecutor has threatened an applicant and members of his [or her] family does not necessarily mean that the threats were motivated by family ties." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022). "[M]embership in the family cannot be a minor, incidental, or tangential reason for the harm." *Id.* Here gang members threatened, harassed, and extorted the petitioners as a means to locate Flores de Aguilar's nephew. "[T]he

5

fact that a persecutor targets a family member simply as a means to an end is not, by itself, sufficient to establish a claim." *Id.*

The petitioners also invoked imputed political opinion as a basis for their claims but failed to provide evidence that gang members believed they held an anti-gang political opinion or that the gang targeted them on such a basis. "[O]pposition to criminal elements such as gangs, even when such opposition incurs the enmity of these elements, does not thereby become *political* opposition simply by virtue of the gang's reaction." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 201 (2d Cir. 2021). For beliefs in opposition to a gang to be "political in nature, these beliefs and actions taken in support of them must have some political ambition in mind—or, for an imputed claim, must be perceived in this manner." *Id.* at 199. Here, the petitioners did not allege that gang members had knowledge or said anything that would indicate a perception of this kind; instead, the petitioners alleged that gang members extorted and harassed them to find and recruit Flores de Aguilar's nephew.

Because the agency's nexus determination is dispositive of asylum and withholding of removal, we need not reach the agency's alternative finding that the petitioners failed to establish that Salvadoran authorities were unable or

6

unwilling to protect them. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court